United States District Court
Southern District of Texas
**ENTERED**
February 15, 2017
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| V. | § | CR. No. 2:14-575-5 |
| | § | (C.A. No. 2:16-333) |
| OSVALDO LUCIO ALIPIZAR, | § | |

## MEMORANDUM OPINION AND ORDER

Osvaldo Lucio Alipizar filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. He makes two arguments: 1) Amendment 794 should be applied to reduce his sentence and 2) counsel provided ineffective assistance at sentencing. D.E. 350. The relief Alipizar seeks pursuant to Amendment 794 is available, if at all, pursuant to 18 U.S.C. § 3582(c)(2). His claim that counsel provided ineffective assistance is properly brought pursuant to § 2255.

Alipizar pleaded guilty to conspiracy to possess with intent to distribute more than 5 kilograms of cocaine. D.E. 287. He was a first time offender and qualified for safety valve. D.E. 352, p. 4. He was sentenced to 87 months imprisonment. *Id.*

## AMENDMENT 794

Amendment 794 changed the text of the commentary regarding the application of minor and mitigating role to include a list of factors for district courts to consider and amended the commentary. The stated purpose of the amendment was to resolve a circuit split on the interpretation.

A federal court generally "may not modify a term of imprisonment once it has been imposed." *Dillon v. United States*, 560 U.S. 817, 819 (2010). However, Congress allowed an exception to that rule "in the case of a defendant who has been

1

sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2); *see also Freeman v. United States*, 564 U.S. 522, 526-27 (2011) (reciting standard for sentence modifications). Such defendants are entitled to move for retroactive modification of their sentences. *Freeman*, 564 U.S. at 527.

However, a sentence reduction is only permitted if such a reduction is consistent with the policy statements issued by the Sentencing Commission, which are found in § 1B1.10 of the Sentencing Guidelines. *See* 18 U.S.C. § 3582(c)(2); *Dillon*, 560 U.S. at 826; *United States. v. Boe*, 117 F.3d 830, 831 (5th Cir. 1997).

"[E]ligibility for consideration under 18 U.S.C. § 3582(c)(2) is triggered *only* by an amendment listed in subsection (c) of U.S.S.G. § 1B1.10 that lowers the guideline range."[1] *United States v. Drath*, 89 F.3d 216, 218 (5th Cir. 1996) (emphasis in original); *see, e.g., United States v. Gonzalez-Balderas*, 105 F.3d 981, 982 (5th Cir. 1997). Subsection 1B1.10(d) does not list Amendment 794 as retroactive, therefore this Court is not authorized to apply it retroactively.[2] *United States v. Arroyo-Jurado*, 477 Fed. App'x. 150, 151 (5th Cir. Apr. 19, 2012) (per curiam) (unpublished).

---

[1] In 2016, § 3582(c) was amended and (d) now lists the retroactive amendments. *See* Amendment 780.

[2] The Fifth Circuit has not determined whether Amendment 794 is clarifying or substantive. *United States v. Gomez-Valle*, 828 F.3d 324, 330 (5th Cir. 2016); *see also United States v. Castro*, 843 F.3d 608, 613 (5th Cir. Dec. 12, 2016) (defendant bears the burden of proving the adjustment was warranted). However, even a clarifying amendment does not apply retroactively to cases on collateral review. *See Drath*, 89 F.3d at 217.

Because Amendment 794 does not apply retroactively, this Court is not authorized to consider minor role for Alipizar. His motion is denied.

## § 2255 MOTION

Because it plainly appears from the Court's review of the motion and the record of prior proceedings that Alipizar is not entitled to any relief, the Court dismisses the motion without government response pursuant to Rule 4(b). Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts (2016) (2255 Rules).

### A. Movant's Allegations

Alipizar claims that counsel provided ineffective assistance because he failed seek a continuance of sentencing until after the effective date of Amendment 794 on November 1, 2015.

### B. 28 U.S.C. § 2255

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence: 1) constitutional issues, 2) challenges to the district court's jurisdiction to impose the sentence, 3) challenges to the length of a sentence in excess of the statutory maximum, and 4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992).

### C. Ineffective Assistance of Counsel

  1.  *Standard for ineffective assistance of counsel claims*

   Generally, an ineffective assistance claim presented in a § 2255 motion is properly analyzed under the two-prong analysis set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *United States v. Willis*, 273 F.3d 592, 598 (5th Cir. 2001). To prevail on a claim of ineffective assistance of counsel, a movant must demonstrate that his counsel's performance was both deficient and prejudicial. *Id*. This means that a movant must show that counsel's performance was outside the broad range of what is considered reasonable assistance and that this deficient performance led to an unfair and unreliable conviction and sentence. *United States v. Dovalina*, 262 F.3d 472, 474-75 (5th Cir. 2001). To show that his attorney's performance at sentencing in a noncapital case was prejudicial under Strickland, the movant must demonstrate that counsel's error led to an increase in the length of his imprisonment. *Glover v. United States*, 531 U.S. 198, 203 (2001); *United States v. Herrera*, 412 F.3d 577, 581 (2005).

   If the movant fails to prove one prong, it is not necessary to analyze the other. *Armstead v. Scott*, 37 F.3d 202, 210 (5th Cir. 1994) ("A court need not address both components of the inquiry if the defendant makes an insufficient showing on one"); *Carter v. Johnson*, 131 F.3d 452, 463 (5th Cir. 1997) ("Failure to prove either deficient performance or actual prejudice is fatal.").

  2.  *Prejudice from counsel's failure to seek continuance*

   Alipizar argues that he likely would have been granted minor role and thereby sentenced to less time if counsel had only requested a continuance until

after November 1, 2015. Alipizar was sentenced on August 21, 2015, after at least one delay in sentencing. *See* D.E. 251.

Counsel argued at sentencing that Alipizar was among the least culpable of the participants,

> 11 . . . And if you
> 12 look at the grand scheme of this conspiracy he's probably one
> 13 of the lowest level members of it. He did know Mr. Artiles
> 14 from Cuba. They met several some years ago and maintained some
> 15 type of relationship. He got involved late in the conspiracy,
> 16 I believe in March of 2013. He's asking the court to consider
> 17 giving him the lowest end of the guideline or even lower if the
> 18 court may consider that from the 3553 factors.

*Id.*, p. 5.

Alipizar argues he was merely a "paid employee with no proprietary interest." D.E. 351, p. 4. Yet, the sentencing transcript tells a different story. The Court quoted portions of the PSR to Alipizar at sentencing:

> 24 . . . And it says here
> 25 you were a distributor of cocaine for the trafficking
> 1 organization. You were in charge of receiving and further
> 2 distributing cocaine to drug trafficking organizations in
> 3 Florida and New York. You arranged for the collection of drug
> 4 proceeds and the return of drug proceeds to Artiles in Texas
> 5 and you're being held accountable for 74 kilos of cocaine. . . .

D.E. 352, pp. 6-7. After further discussion, the government recited some of the evidence:

> 3 during those phone calls there were several phone calls where
> 4 Mr. Alipizar is creating and setting up a relationship between
> 5 a new receiver of cocaine in New York. This organization had
> 6 not before Mr. Alipizar's involvement distributed to New York.
> 7 They had distributed to mostly Florida areas and Mr. Alipizar
> 8 had assisted with that. We actually learned that information
> 9 after the charging of these defendants.
> 10 The evidence at the time of the charge in this case
> 11 relating to Mr. Alipizar was about a meeting that he had with

12 Mr. Pacheco, his codefendant, with Enrique Artiles, the leader
13 of this cocaine organization in South Texas. They flew to
14 South Texas to meet with the boss which was Enrique Artiles to
15 set up this cocaine deal. The cocaine was successfully
16 transported using Unique Auto Transport Car Hauler which was
17 owned by Enrique Artiles and this is one way they trafficked in
18 cocaine to New York. Mr. Pacheco and his associates received
19 the cocaine. Agents were unable to apprehend the cocaine but
20 did apprehend 2.1 million dollars leaving New York after the
21 sale of the cocaine to Mr. Pacheco's associates in New York.
22 Now, Mr. Alipizar set that deal up for this organization so at
23 the time of indictment that was the evidence relating to
24 Mr. Alipizar.
25 Post-indictment, there was cooperation by some of the
1 other defendants laying out some more involvement of
2 Mr. Alipizar under proffer and things that we didn't want
3 disclosed necessarily at the time of Mr. Alipizar's proffer.
4 But the evidence in this case is about the phone call
5 activities that he set up this relationship in New York with
6 Mr. Artiles and the meetings that he had in South Texas with
7 Mr. Artiles and Mr. Pacheco.
8 THE COURT: And then what about him being involved
9 with the collection of drug proceeds as stated here in
10 paragraph 60. What did he do in that regard?
11 MS. HAMPTON: He was a close associate. That's why
12 he was able to introduce Mr. Pacheco to Mr. Artiles. He was a
13 close associate of Mr. Artiles. They knew each other from
14 Cuba. Mr. Artiles came directly from Cuba, set up a fake car
15 hauling business for the purpose of trafficking cocaine in
16 Florida and then branched out to South Texas. At times
17 Mr. Alipizar, according to Mr. Artiles who is now cooperating,
18 did receive cocaine and send money back south. That was not
19 part of the initial evidence in the discovery, as I said in
20 this case, because that came as post-indictment debriefing.

*Id.*, pp. 9-10.

The basic inquiry in U.S.S.G. § 3B1.2 is whether a defendant "play[ed] a part in

committing the offense that makes him substantially less culpable than the average

participant" "in the criminal activity." *Castro*, 843 F.3d at 613 (quoting from

Amendment 794). A defendant is not entitled to minor or mitigating role

adjustment just because he played a lesser role than the others, but only when he

shows by a preponderance of the evidence 1) the culpability of the average participant in the criminal activity and 2) that he was substantially less culpable. *Id.* Examining counsel's argument at sentencing and his encouragement to the Court that it consider all of the § 3553(a) factors, it appears that counsel was well aware of the burden and attempted to benefit Alipizar without misleading the Court. In addition, considering the government's representations of the evidence, Alipizar has not shown that he could qualify for minor or mitigating role under Amendment 794. Alipizar has not shown prejudice from counsel's failure to seek a continuance.

### D. Certificate Of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Alipizar has not yet filed a notice of appeal, the § 2255 Rules instruct this Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, § 2255 RULES.

A COA "may issue. . . only if the applicant has made a substantial showing of the denial of a constitutional right."   28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. *United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon *Slack*, 529 U.S. at 483-84).

As to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reasons would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484 (emphasis added).

The Court concludes that Alipizar is not entitled to a COA on any of his claims. That is, reasonable jurists could not debate the Court's resolution of his claims, nor do these issues deserve encouragement to proceed. *See Jones*, 287 F.3d at 329.

## CONCLUSION

Alipizar's motion for retroactive application of Amendment 794 (D.E. 350) is DENIED. His motion to vacate sentence (D.E. 351, Cause No. 2:16-CV-333, D.E. 1) is DISMISSED pursuant to Rule 4(b) and he is DENIED a Certificate of Appealability

It is so ORDERED.

**SIGNED** February 15, 2017.

Marina Garcia Marmolejo
United States District Judge